# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELIZABETH K. CARLEY, a.k.a. MELISSA ARIAS,

  Petitioner,

vs.

JO GENTRY, et al.,

  Respondents.

Case No. 2:14-cv-02097-JCM-PAL

**ORDER**

  The court directed respondents to file a response to the petition for a writ of habeas corpus (#5). Respondents filed a motion to dismiss (#10). Petitioner filed a document (#15) that contains a response to the motion to dismiss, a motion for judgment in petitioner's favor, a motion for stay and abeyance, and a motion for leave to file an amended or supplemental petition. Petitioner filed the amended petition (#13) at the same time. Respondents then have filed an opposition to the motion for leave to file an amended or supplemental petition (#17). The original petition contains five grounds for relief. The amended petition re-alleges the first four grounds without any changes, and it omits ground 5, which petitioner concedes she has not exhausted in the state courts. The grounds in the amended petition relate back to the original petition, which, for the reasons stated below, is timely, and the court will permit the amended petition.

  Respondents first argue in the motion to dismiss (#10) that this action is untimely. The court disagrees.

    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Pursuant to a plea agreement, the state district court convicted petitioner of one count of attempting to obtain money under false pretenses. The state district court suspended the sentence and placed petitioner on probation. The judgment of conviction was entered June 28, 2012. Ex. 5 (#11). Petitioner did not appeal.

About two months later, petitioner was arrested for a violation of her conditions of probation. The state district court ordered her probation revoked and entered an amended judgment of conviction on December 18, 2012. Ex. 12 (#11). Petitioner did not file a timely notice of appeal.[1]

Respondents argue that the judgment of conviction became final with the expiration of time to appeal from the original judgment of conviction. The court disagrees. When the state district court revoked petitioner's probation, it also entered the amended judgment of conviction. This was

---

[1] On February 12, 2013, petitioner did filed a notice of appeal from a purported denial of a post-conviction habeas corpus petition. Ex. 13 (#11). No such petition existed. The Nevada Supreme Court held that even if petitioner was trying to appeal the revocation of probation, the appeal still was untimely. Ex. 14 (#11).

not a mere correction of some error in the original judgment. The amended judgment had a substantive change, and petitioner could have appealed the entry of the amended judgment. Indeed, many of her claims in this action arise out of her arrest for a probation violation and the subsequent revocation of probation. The court will use the date that the amended judgment became final by expiration of time to appeal, January 17, 2013, as the starting date for the one-year period of § 2244(d)(1).

That date makes this action timely. Petitioner filed a post-conviction habeas corpus petition in state district court on March 18, 2013, 60 days after finality of the amended judgment of conviction. Ex. 15 (#11). The filing of the amended petition tolled the one-year period. The state district court denied the petition, and petitioner appealed. The Nevada Supreme Court issued its decision on February 12, 2014, and remittitur issued on March 10, 2014. Ex. 20, 21 (#11). The one-year period resumed the next day. Petitioner mailed her federal habeas corpus petition (#5) to this court on December 10, 2014, 275 days later. A total of 335 non-tolled days have passed from the finality of the amended judgment of conviction, and the one-year period did not expire by the time that petitioner effectively commenced this action.

Respondents also argue that petitioner has not exhausted her available state-court remedies. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is

insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground 1 and, redundantly, ground 2, contain a claim that counsel deprived petitioner of a direct appeal.  The Nevada Supreme Court addressed this claim in petitioner's appeal from the denial of the state habeas corpus petition.  Ex. 20, at 2-3 (#11).  This claim is exhausted.

The rest of the amended petition (#13) is unexhausted.  The Nevada Supreme Court did address some claims of ineffective assistance of counsel in the appeal from the denial of the post-conviction petition.  Ex. 20, at 2 (#11).  However, petitioner presented those claims by incorporating a motion to dismiss counsel into her state habeas corpus petition; she made no other allegations in her state petition.  Ex. 15, at 4 (#11).  The motion to dismiss counsel, in turn, referred to petitioner's first trial counsel.  The state district court granted the motion and appointed a second trial counsel. The motion to dismiss counsel did not, and could not, make any claims about the second trial counsel, because it pre-dated appointment of the second trial counsel.  Although the amended petition (#13) contains claims similar to the claims that the Nevada Supreme Court addressed, the operative facts are different because now petitioner is referring to her second trial counsel.

Petitioner tried to present the claims currently contained in ground 1 to the Nevada Supreme Court through a proper-person fast-track statement.  However, the Nevada Supreme Court refused to consider those claims because she did not raise them first in the district court.  Ex. 20, at 3 n.2 (#11).  "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).

The allegations in grounds 2, 3, and 4 of the state habeas corpus petition were, in their entirety, "due process violation[s]," "Brady violations," and "insufficient/unreliable evidence."  Ex. 15, at 4 (#15).  Petitioner referred to the motion to dismiss counsel, but that motion did not contain any information relevant to those claims.  Those grounds in the state habeas corpus petition do not serve to exhaust any claims in the current action.

Because the court has determined that all claims except the appeal-deprivation claim are not exhausted, the court will not rule upon respondents' arguments that certain claims are procedurally defaulted or barred by petitioner's guilty plea.

The amended petition (#13) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds and proceed with the remaining claim that counsel deprived her of a direct appeal, or she may voluntarily dismiss this action without prejudice while he returns to state court to exhaust the unexhausted grounds. If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition.

Petitioner has asked to stay this action while she returns to state court to exhaust her unexhausted grounds. She must show that he has "good cause for [her] failure to exhaust, [her] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). Petitioner has not shown good cause for the failure to exhaust. The state habeas corpus petition form instructed her to "[s]tate concisely every ground on which you claim that you are being held unlawfully" and to "[s]ummarize briefly the facts supporting each ground." Ex. 15, at 4 (#11). Petitioner instead incorporated by reference an earlier motion that mentioned only her first trial counsel and none of her other claims. Then petitioner tried to file a fast-track statement on appeal, raising many new claims that should have been raised in the state habeas corpus petition itself. Petitioner herself caused this failure to exhaust. She has not satisfied the requirements of Rhines for a stay.

The court denies petitioner's motion for judgment in her favor. She must first decide what to do with the unexhausted grounds for relief.

The court denies petitioner's motion for transcripts at state expense (#9). Almost all her grounds are unexhausted, and she must first decide what to do with them.

The court denies petitioner's motion for appointment of counsel (#14). If petitioner dismisses this action to return to state court, appointment of counsel would be moot. If petitioner dismisses the unexhausted grounds, then counsel will be unnecessary for the court to determine the merits of the remaining appeal-deprivation claim.

On January 26, 2016, petitioner filed a notice of appeal (#19) from a decision of the Nevada Supreme Court, along with a motion for enlargement of time to file a notice of appeal (#20). This court lacks jurisdiction to consider an appeal from a judgment of a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 483 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Petitioner's sole federal remedy from a judgment of conviction of a state court is through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Because petitioner already is pursuing habeas corpus relief in this court, the court will take no action on the notice of appeal, and the motion for enlargement of time is moot.

The court denies petitioner's motion for indigent legal copies at the state's expense (#21). If petitioner dismisses this action to return to state court, then the motion would be moot. If petitioner dismisses the unexhausted grounds, then additional photocopies will be unnecessary for the court to determine the merits of the remaining appeal-deprivation claim.

IT IS THEREFORE ORDERED that petitioner's motion for transcripts at state expense (#9) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (#14) is **DENIED**.

IT IS FURTHER ORDERED that the court will take no further action upon petitioner's notice of appeal from the Nevada Supreme Court (#19).

IT IS FURTHER ORDERED that petitioner's motion for enlargement of time to file a notice of appeal (#20) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for indigent legal copies at the state's expense (#21) is **DENIED**.

1    IT IS FURTHER ORDERED that petitioner's motion for judgment in petitioner's favor, which is in the document at #15 in the docket, is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for stay and abeyance, which is in the document at #15 in the docket, is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for leave to file an amended or supplemental petition, which is in the document at #15 in the docket, is **GRANTED**.

IT IS FURTHER ORDERED that respondents' motion to dismiss (#10) is **GRANTED** in part. All claims for relief in the amended petition (#13) are unexhausted except for the claim in ground 1 that counsel deprived petitioner of a direct appeal.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that she wishes to dismiss the unexhausted claims of her amended petition (#13), and proceed only on the remaining grounds for relief, or (2) inform this court in a sworn declaration that she wishes to dismiss this action to return to state court to exhaust her state remedies with respect to the unexhausted claims of her amended petition (#13). Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of her amended petition (#13) and proceed on the remaining claim, respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves her declaration dismissing those grounds. Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED: March 8, 2016.

_____
JAMES C. MAHAN
United States District Judge