# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELIZABETH K. CARLEY, a.k.a.
MELISSA ARIAS,

    Petitioner,

vs.

JO GENTRY, et al.,

    Respondents.

Case No. 2:14-cv-02097-JCM-PAL

**ORDER**

The court found that petitioner had presented a mixed petition for a writ of habeas corpus, containing both claims exhausted in state court and claims unexhausted in state court. In the litigation over respondents motion to dismiss, petitioner asked for a stay while she pursued a new post-conviction habeas corpus petition in the state courts. The court denied the request, finding that petitioner herself caused the failure to exhaust her claims. The court instructed petitioner either to dismiss the action as a whole or to dismiss the unexhausted claims. Petitioner did neither, instead arguing that the court revisit her request for a stay. The court thus dismissed the action.

Now before the court are petitioner's motion to reconsider (ECF No. 34), respondents' opposition (ECF No. 45), and petitioner's reply (ECF No. 46). Petitioner argues that the court should change its decision on staying the action because of a recent decision of the court of appeals. To justify a stay, petitioner must show that she has "good cause for [her] failure to exhaust, [her] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). The court of appeals recently held that the good-cause element of Rhines is met when the petitioner did not

1 have counsel in the state post-conviction proceedings. Dixon v. Baker, 847 F.3d 714, 722 (9th Cir.
2 2017).
3       Petitioner meets the good-cause element because she proceeded pro se in the state post-
4 conviction proceedings. Respondents have not made any argument that petitioner is being dilatory
5 or engaging in other abusive litigation tactics.
6       At least one of petitioner's claims has potential merit. Petitioner pleaded guilty to felony
7 attempt to obtain money by false pretenses. The value threshold to make that crime a felony is
8 $650. Nev. Rev. Stat. § 205.380(1)(a). Otherwise, the crime is a misdemeanor. Nev. Rev. Stat.
9 § 205.380(1)(b). Part of ground 1 is a claim that counsel provided ineffective assistance by advising
10 petitioner to plead guilty to the felony attempt even though the amount at issue was $72.16. The
11 claim does not have merit necessarily. Counsel might have had a strategic reason for petitioner to
12 plead guilty to a fictitious crime to avoid being found guilty of a crime with a harsher penalty or
13 more serious consequences. However, the court does not have enough of the state-court record to
14 make that determination. The court cannot say that the claim lacks even potential merit. The court
15 will reinstate and stay the action to allow petitioner to exhaust her unexhausted grounds for relief.
16       Petitioner has filed a request for indigent documents without cost (ECF No. 34) and a
17 request for indigent copies at state's expense (ECF No. 44). These motions are moot because the
18 court is staying the action.
19       IT IS THEREFORE ORDERED that petitioner's motion to reconsider (ECF No. 33) is
20 **GRANTED**. This action is **REINSTATED**.
21       IT IS FURTHER ORDERED that this action is **STAYED** pending exhaustion of the
22 unexhausted claims. Petitioner shall return to this court with a motion to reopen within thirty (30)
23 days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court
24 proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek
25 any relief appropriate under the circumstances.
26       IT FURTHER IS ORDERED that the clerk of court shall administratively close this action
27 until such time as the court grants a motion to reopen the action.
28

1     IT IS FURTHER ORDERED that petitioner's request for indigent documents without cost (ECF No. 34) is **DENIED** as moot.

    IT IS FURTHER ORDERED that petitioner's request for indigent copies at state's expense (ECF No. 44) is **DENIED** as moot.

    IT IS FURTHER ORDERED that the clerk of the court forward a copy of this order to the court of appeals, case number 17-15847.

    DATED: December 29, 2017.

_____
JAMES C. MAHAN
United States District Judge