1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10
11
12

ELIZABETH K. CARLEY, a.k.a.
MELISSA ARIAS,

Petitioner,

13

v.

14

JO GENTRY, et al.,

15

Respondents.

16

Case No. 2:14-cv-02097-JCM-BNW

**ORDER**

17

## I.      Introduction

18   Petitioner Elizabeth Carley has filed an unopposed motion for extension of time in which

19   to file opposition to the State's motion to dismiss (fourth request) (ECF No. 76).  Carley has

20   stated the recent procedural history, which the court repeats here.  On February 19, 2020,

21   respondents filed the current motion to dismiss (ECF No. 65).  At the time, Carley was pro se.

22   Counsel moved to be appointed, and the court granted the request on April 10, 2020.  ECF No.

23   70.  The court then granted Carley extensions to file an opposition to the motion dismiss, which

24   was due on October 21, 2020.  Rather than grant Carley's motion, the court will give Carley leave

25   to file a third amended petition, and the court will deny the motion to dismiss without prejudice.

26   ## II.      Procedural History

27   Carley was accused of trying to have a casino cashier change the personal identification

28   number on a player's card that was not her own, to cash out the account; she used a false

1

identification card in that person's name to try to convince the cashier.  The state justice court bound Carley over for trial in the state district court on three counts:  (1) burglary, a category B felony; (2) possessing persona identifying information, a category E felony, and an attempt to obtain money, $650 or more, under false pretenses, a category C felony.  Ex 1 (ECF No. 11-1). Carley and the prosecution then came to a plea agreement.  Carley agreed to plead guilty to the attempt to obtain money under false pretenses.  Both parties stipulated to a suspended prison sentence with a minimum term of 18 months and a maximum term of 48 months.  The prosecution retained the right to argue the terms and conditions of probation.  If Carley was honorably discharged from probation, then she could withdraw her plea and then plead guilty to conspiracy to commit a crime, a gross misdemeanor.  Ex. 3 (ECF No. 11-3).  Carley's probation was revoked, and she served the prison sentence.

The second amended petition (ECF No. 13) is the operative petition.  The court found that Carley had not exhausted her state-court remedies for grounds 2, 3, and 4, and all claims in ground 1 except the claim that counsel deprived her of a direct appeal.  ECF No. 24.  The court dismissed the action, but, upon reconsideration, stayed the action while Carley exhausted her state-court remedies.  ECF No. 48.

Carley filed a second post-conviction habeas corpus petition in the state district court.  Ex. 46 (ECF No. 63-25).  This contained claims only of ineffective assistance of counsel.  On February 15, 2018, the state district court orally determined that the second state petition was untimely, successive, and barred by laches; the written order was entered on March 26, 2018.  Ex. 55 (ECF No. 64-9).  On February 16, 2018, Carley filed a supplemental state habeas corpus petition.  Respondents included the motion for leave to file the supplemental petition in their exhibits, Ex. 51 (ECF No. 64-5), but they did not include the supplemental state petition itself.[1] The Nevada Supreme Court, for the time being, has made appellate appendices and records available on-line, and this court has found the supplemental state petition.  Carley v. State, No. 75982, Record on Appeal Volumes 2 and 3, filed July 2, 2018.[2]  The state district court

---

[1] Based upon their arguments in the motion to dismiss, respondents apparently and incorrectly believe that the motion for leave to file a supplemental petition is the supplemental petition itself.  See ECF No. 65 at 9.
[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=46220 (report generated November 11, 2020).  The

1    designated this as a third state habeas corpus petition, and determined that it was untimely under

2    Nev. Rev. Stat. § 34.726, successive under Nev. Rev. Stat. § 34.810, and barred by laches under

3    Nev. Rev. Stat. § 34.800.  Ex. 61 (ECF No. 64-15).  Carley appealed the denials of both petitions.

4    The Nevada Supreme Court consolidated the appeals and affirmed both denials.  Ex. 69 (ECF No.

5    64-23).

6    **III.    Discussion**

7        Respondents argue that Carley has procedurally defaulted all grounds in the second

8    amended petition, except for the claim that trial counsel deprived Carley of a direct appeal.[3]  ECF

9    No. 65 at 10-14.  Ground 1 contains multiple claims of ineffective assistance of two different trial

10   attorneys, who represented Carley at different times.  Carley can argue that the absence of counsel

11   in the initial state post-conviction proceedings is good cause to excuse the procedural default of

12   that ground.  See Martinez v. Ryan, 566 U.S. 1, 14 (2012).  Martinez requires the procedurally

13   defaulted claim of ineffective assistance of trial counsel be substantial.  Id.

14       This is where the case runs into problems.  Part of ground 1 is a claim that trial counsel

15   provided ineffective assistance in advising Carley to plead guilty to one count of felony attempt to

16   obtain money under false pretenses.  At the time, the threshold for the offense to be a felony was

17   a value of $650.  Nev. Rev. Stat. § 205.380(1)(a) (2011).  Carley argues that the casino player's

18   card at issue had a value of only $72.16, which would have made the offense a misdemeanor.

19   ECF No. 13 at 5; Nev. Rev. Stat. § 205.380(1)(b) (2011).  Additionally Carley argues that the

20   false identification card that she was accused of using had a photograph of a person that looked

21   nothing like her.  Carley alleges in the second amended petition that this information was in the

22   criminal case's discovery, but that she did not receive it until after she was convicted.  She did not

23   include photocopies of the player's card of the identification card with her second amended

24   petition.  Recently appointed counsel for Carley still is trying to obtain these cards or copies of

25   them.  Counsel believes that the Nevada Supreme Court's records contain the discovery materials,

26

27   supplemental state petition straddles two volumes of the record on appeal.  Bates pages 436-80 are in volume 2, and
     Bates pages 481-529 are in volume 3.

28   [3] Respondents also argue that Carley has failed to exhaust her state-court remedies and that a free-standing claim of
     actual innocence is not addressable in federal habeas corpus, but those arguments are not relevant to this order.

but that they are not publicly accessible in the on-line docket.  Counsel is paying to obtain those materials.  ECF No. 76 at 2-3.  As noted above, the Nevada Supreme Court has made the records on appeal and the appellate appendices publicly available.  The court has reviewed all of them in all of Carley's appeals.  If the Nevada Supreme Court has these discovery materials, then either they are sealed and not listed in the index of the record on appeal, or they are not on the dockets at all.  If the Nevada Supreme Court's records do not contain the discovery materials, then counsel for Carley anticipates filing a motion requesting leave to subpoena state agencies for these documents.  ECF No. 76 at 3.

Assuming that counsel for Carley can obtain these cards, and that the information about those cards matches Carley's allegations, another problem arises.  The court does not possess the full record of the plea agreement.  Although respondents filed the written guilty plea agreement, they did not file the transcript of the plea hearing.  Apparently, the transcript did not exist until recently.  The court has reviewed the records on appeal in all of Carley's appeals to the Nevada Supreme Court, and the court has been unable to find the transcript.  The state district court's docket shows that the transcript of the initial arraignment, on May 7, 2012, was filed on June 25, 2020.  State v. Carley, Case No. C-12-281213-1.[4]  If the court needs to determine whether the ineffective-assistance claim regarding Carley's plea is substantial under Martinez v. Ryan, then the court needs that transcript.

The court has discussed the case at length, and examined on its own the newly available Nevada Supreme Court records, on a motion for extension of time because the underlying motion to dismiss has been pending for around 9 months now.  If Carley cannot obtain the information about the player's card and the identification card from the Nevada Supreme Court, then Carley will need to seek the documents through other means.  Discovery will take a few more months.  Then briefing on the motion to dismiss would need to resume, including the transcript from the arraignment.  However, briefing might not resume, because Carley might seek leave to file a counseled third amended petition.  ECF No. 76 at 3.  Granting the instant motion for an extension

---

[4] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=9271814 (report generated November 11, 2020).

4

1    of time is no guarantee that Carley will file a response to the motion to dismiss by the proposed

2    deadline.

3        The two possibilities that counsel mentions besides a response to a motion to dismiss—a

4    motion for leave to conduct discovery and a motion for leave to file a counseled third amended

5    petition—suggest that the cart might have been put in front of the horse in this case.  Instead of

6    asking for additional time to respond to the motion to dismiss, only to find that a response

7    required investigation into the facts of the case,[5] counsel for Carley might have asked for leave to

8    amend at the outset of representation, and investigation would have helped determine which

9    claims were viable.

10       The court will take a shortcut to what seems to be the most likely outcome.  The court will

11   deny the motion for extension of time.  Instead, the court will issue a scheduling order that gives

12   Carley leave to file a counseled third amended petition, and the court will deny respondents'

13   current motion to dismiss without prejudice to filing a new motion to dismiss in response to the

14   counseled third amended petition.

15       Carley also argues for an extension based upon work that needed to be done, or upcoming

16   deadlines, in other cases.  The court will not address these arguments, because the court will give

17   Carley leave to file a third amended petition.

18       IT THEREFORE IS ORDERED that petitioner's unopposed motion for extension of time

19   in which to file opposition to the State's motion to dismiss (fourth request) (ECF No. 76) is

20   **DENIED**.

21       IT FURTHER IS ORDERED that petitioner will have until up to and including one

22   hundred twenty (120) days from entry of this order within which to file a counseled third

23   amended petition and/or seek other appropriate relief.  Neither the foregoing deadline nor any

24   extension thereof signifies or will signify any implied finding as to the expiration of the federal

25   limitation period and/or of a basis for tolling during the time period established.  Petitioner

26   always remains responsible for calculating the running of the federal limitation period and timely

27

28   [5] In fairness to current counsel, Carley herself alleged that she had received the discovery materials from prior
counsel.  ECF No. 13 at 5.

5

asserting claims, without regard to any deadlines established or extensions granted herein.  That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that respondents must file a response to the third amended petition, including potentially by motion to dismiss, within 60 days of service of a second amended petition and that petitioner may file a reply within 30 days of service of an answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled second amended petition must be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, must be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

IT FURTHER IS ORDERED that respondents' motion to dismiss (ECF No. 65) is **DENIED** without prejudice to filing a motion to dismiss the third amended petition.

DATED: November 20, 2020.

_____
JAMES C. MAHAN
United States District Judge