# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH K. CARLEY, a.k.a. MELISSA ARIAS, | Case No. 2:14-cv-02097-JCM-BNW |
| Petitioner, | **ORDER** |
| v. | |
| JO GENTRY, et al., | |
| Respondents. | |

Petitioner has filed a motion for leave to file fourth amended petition, which includes the information that petitioner has received through discovery. ECF No. 93. Respondents do not oppose the motion. ECF No. 94. The court grants the motion and sets a briefing schedule.

IT THEREFORE IS ORDERED that petitioner's motion for leave to file fourth amended petition (ECF No. 93) is **GRANTED**. Petitioner must file the fourth amended petition and exhibits within 7 days of the date of entry of this order.

IT FURTHER IS ORDERED that respondents must file a response to the petition, including potentially by motion to dismiss, within 60 days of entry of this order and that petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

1    IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the petition must be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED: November 30, 2021.

_____
JAMES C. MAHAN
United States District Judge