**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELIZABETH K. CARLEY, a.k.a. MELISSA ARIAS,<br><br>Petitioner,<br><br>v.<br><br>JERRY HOWELL, et al.,<br><br>Respondents. | Case No. 2:14-cv-02097-JCM-BNW<br><br>**ORDER** |

Counseled Petitioner Elizabeth Carley petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that (1) her trial counsel provided ineffective assistance in advising her to plead guilty, and (2) her guilty plea was not knowing, voluntary, and intelligent. (ECF No. 96.) Respondents move to dismiss Carley's fourth amended petition, arguing, *inter alia*, a lack of jurisdiction. (ECF No. 106.) Carley opposed the motion, and Respondents replied. (ECF Nos. 109, 113.)

**I.  BACKGROUND**

Carley was accused of trying to have a casino cashier change the personal identification number on a player's card that was not her own and cash out the account. (ECF No. 11-1 at 14.) Carley used a false identification card matching the player's card in her attempt to convince the cashier. (*Id*.) The state justice court bound Carley over for trial in the state district court on three counts: (1) burglary, (2) possessing personal identifying information, and (3) an attempt to obtain money under false pretenses. (*Id*. at 5–6.) Carley agreed to plead guilty to attempt to obtain money under false pretenses in return for the prosecutor dismissing the remaining counts, a stipulated

suspended prison sentence of 18 to 48 months, and the ability to withdraw her guilty plea and plead guilty to a gross misdemeanor if she was honorably discharged from probation. (ECF No. 11-3 at 2.) A judgment of conviction was entered on June 28, 2012. (ECF No. 11-5.) Following a probation violation, Carley's probation was revoked, and she was sentenced to 18 to 48 months in the Nevada Department of Corrections on December 14, 2012. (ECF No. 11-12.) Carley appealed a purported order resolving a post-conviction habeas petition on February 12, 2013, and the Nevada Supreme Court dismissed the appeal on March 1, 2013, finding that Carley appealed a non-existent order. (ECF Nos. 11-13, 11-14.) However, to the extent that Carley was appealing the order revoking her probation, the Nevada Supreme Court dismissed the appeal as untimely. (*Id.*)

Carley filed a petition for writ of habeas corpus on March 18, 2013. (ECF No. 11-15.) The state district court denied the petition on July 3, 2013. (ECF No. 11-17.) Carley appealed on July 30, 2013, and the Nevada Supreme Court affirmed on February 12, 2014. (ECF Nos. 11-18, 11-20.)

Carley dispatched her original *pro se* federal habeas corpus petition on December 10, 2014, and her amended petition on June 19, 2015. (ECF No. 1-1, 7.) Respondents moved to dismiss Carley's amended petition, and this Court granted the motion in part, finding that all grounds except ground 1 were unexhausted. (ECF No. 24.) Carley was instructed to inform the court how she wished to proceed on the unexhausted grounds. (*Id.*) Carley failed to respond to the court's order, and the court dismissed this action without prejudice. (ECF No. 31.) Carley moved for this court to reconsider, and this court granted the motion and reopened this action. (ECF No. 48.) This court also stayed the case pending Carley's exhaustion of her unexhausted claims in state court. (*Id.*) Carley later moved to reopen this case, and this court granted the request. (ECF Nos. 54, 55.) Respondents again moved to dismiss Carley's amended petition, and Carley moved for the

appointment of counsel. (ECF Nos. 65, 66.) This court granted the motion for appointment of counsel and gave Carley 120 days to file a counseled third amended petition. (ECF Nos. 70, 77.) Carley then filed a counseled third amended petition and a counseled fourth amended petition. (ECF Nos. 80, 96.)

## II.     DISCUSSION

Respondents moved to dismiss Carley's fourth amended petition based on a lack of jurisdiction. (ECF No. 106.)

The federal habeas statute gives district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" for the conviction when the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). A habeas petitioner no longer is "in custody" for purposes of federal habeas jurisdiction if the sentence imposed by the judgment of conviction has fully expired before the federal petition is filed. *Maleng*, 490 U.S. at 492 (explaining that the Supreme Court has "never extended [the in-custody requirement] to the situation where a habeas petitioner suffers no present restraint from a conviction"); *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) ("It is a statutory prerequisite that a habeas corpus petitioner must be 'in custody' at the time the petition is filed. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject

3

to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction." (Internal citation omitted)).

Carley's sentence in the instant case fully expired on September 2, 2014. (ECF Nos. 112-23 at 2; 112-25 at 2.) Carley's *pro se* petition was not transmitted to this Court until 99 days later on December 10, 2014. (ECF No. 1-1.) As such, Carley was not in custody for the instant conviction at the time she filed her petition.

Carley argues that an exception to the "in custody" requirement applies here. (ECF No. 109 at 2.) Specifically, Carley argues that she was unable to reasonably meet the "in custody" requirement because her prison sentence was so short that she lacked sufficient time to reasonably prepare and file a federal petition in the period between (1) when her initial round of state post-conviction proceedings in this case ended, and (2) when she expired her sentence. (*Id*. at 2–3.) Carley argues that she should be able to rely on the federal limitations period as the deadline to file a federal petition regardless of whether her prison term covers that entire length of time. (*Id*. at 6.) To support this argument, Carley explains that the Ninth Circuit "suggested" this exception in *Contreras v. Schiltgen*, 122 F.3d 30 (9th Cir. 1997). (*Id*. at 3.)

In *Contreras*, the petitioner filed a habeas petition under 28 U.S.C. § 2254 after he was discharged from his sentence. 122 F.3d at 31. The state moved to dismiss the petition, and the petitioner amended his petition to name his current custodian, the District Director of the Immigration and Naturalization Service ("INS"). *Id*. The federal district court held that the petitioner could not "collaterally attack his state court conviction in a habeas proceeding against the INS," and the Ninth Circuit affirmed. *Id*. at 31–32. The Ninth Circuit reasoned that "[u]ntil Contreras ha[d] successfully overturned his conviction . . . , the INS [was] entitled to rely on the conviction as a basis for custody and eventual deportation." *Id*. at 33. In addressing the petitioner's

4

argument that he was foreclosed from pursuing a § 2254 action "because he [was] no longer in the custody of the state" pursuant to *Maleng*, the Ninth Circuit stated, in part, that the petitioner had not "argued for any exception to the rule of *Maleng* where a petitioner has diligently pursued his collateral remedies and is out of custody only because his required state exhaustion efforts outlasted the length of his sentence." *Id*.

This court declines to exercise any exception to the "in custody" requirement. First, the "suggested" exception outlined in *Contreras* appears to be dicta. Second, the "suggested" exception outlined in *Contreras* is not dispositive of the matter at hand. In *Contreras*, the petitioner "had completed his sentence and been released from custody" by the time he "had exhausted his state habeas remedies." 122 F.3d at 31. Here, the Nevada Supreme Court affirmed the denial of Carley's state post-conviction petition on February 12, 2014. (ECF No. 11-20.) As such, Carley had 202 days—from February 12, 2014, when her state habeas proceedings concluded until September 2, 2014, when her sentenced expired—to file her federal habeas petition. Accordingly, unlike the petitioner in *Contreras*, Carley was not foreclosed from seeking a § 2254 action against the state. Rather, she had more than 6 months to file a § 2254 action before her sentence expired, but she failed to do so.

### III.     CONCLUSION

It is therefore ordered that respondents' motion to dismiss **[ECF No. 106] is granted**. Petitioner Elizabeth Carley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 **[ECF No. 96] is DISMISSED WITH PREJUDICE** for a lack of jurisdiction. Because reasonable jurists would not find the court's determination to be debatable or wrong, the court will not issue a certificate of appealability.

It is further ordered that the clerk of the court is directed to enter judgment accordingly and close this action.

Dated: December 5, 2022

                                                                               */s/ James C. Mahan*
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE